PARMA COMMUNITY HOSPITAL *v.* WESOLEK ET AL.

(No. 78—CV—F 2424—Decided December 31, 1979.)

Parma Municipal Court.

*Mr. Michael J. Delsander,* for plaintiff.
*Mr. William A. Lawko,* for defendant.
*Ms. Carol M. Lamm,* for third-party defendant.

POLCAR, J.

## I.
## FINDINGS OF FACT

1. Defendant Wesolek, by reason of her employment as a federal employee, was enrolled in a group Blue Cross Plan known as the Federal Employee Program (FEP) and at the time of her hospitalization was entitled to health care benefits as set forth in the FEP contract.

2. The Blue Cross Plan in the Cleveland area is the third-party defendant, Blue Cross of Northeast Ohio (BCNO), this local plan being a participant in the group Blue Cross Plan known as the Federal Employee Program (FEP), and as such is a provider of the health care benefits of the FEP contract.

3. Blue Cross of Northeast Ohio is a corporation licensed under R. C. Chapter 1739, and as such subject to the provisions of R. C. 1739.06.

4. On January 14, 1977, defendant visited her physician complaining of a fever, nausea, vomiting and abdominal discomfort. Her doctor treated her for intestinal flu. Defendant continued to have the same symptoms and saw her doctor again on February 16, 1977. Two blood counts and a gall bladder X-ray were done on an out-patient basis. The complaints continued and her doctor instructed defendant to go to the plaintiff-hospital and arranged for her admittance. The doctor discussed the hospitalization with defendant but mentioned no alternative to hospitalization.

5. The defendant had a chronic and constant pain and her doctor felt special investigation was needed to clarify his patient's illness as to cause, and this would require observation of the pain symptoms in a controlled environment and also diagnostic laboratory tests. Diagnostic investigations and observation of the pain symptoms were made during defendant's stay at the hospital. All tests performed on defendant could have been done on an outpatient basis without adverse effect on the defendant.

6. On page 22 of the FEP Service Benefit Plan basic benefits (hospital room and board, etc.) are excluded for an admission, that is those:

"Not medically necessary—*i.e.* when in the judgment of the Carrier the medical services did not require the acute hospital bedpatient (overnight) setting, but could have been provided in a physician's office, the outpatient department of a hospital, or in a lesser facility without adversely affecting the patient's condition or the quality of medical care rendered. Some examples are:

"Admissions primarily for observation and/or diagnostic studies that could have been provided safely and adequately on an outpatient basis.

"Admissions which control or change the patient's environment."

7. Defendant was admitted into the plaintiff-hospital on March 7, 1977, and discharged on March 13, 1977. During this hospitalization, plaintiff rendered hospital services to defendant for which the reasonable charge was $786.25.

8. Plaintiff billed BCNO for the hospital services rendered defendant and BCNO has not paid on said account.

9. Plaintiff then billed defendant for the hospital services in the amount of $786.25 which defendant has not paid.

10. Defendant submitted a claim based on this hospitalization to BCNO.

11. The review process for claims submitted to BCNO first involves administrative screening and then three review levels. A majority of cases are screened by nonmedical people, with the questionable cases referred to the second level, which consists of registered nurse analysts, then the remaining questionable cases are referred to Medical Review Consultants, each of whom is a physician. The Medical Review Consultants are the only persons authorized to deny claims, and as a group they are known as The Medical Review Committee.

12. The Medical Review Committee of BCNO reviewed and denied defendant's claim as not medically necessary. One Medical Review Consultant reviewed and denied her claim in the name of The Medical Review Committee.

## II.
## CONCLUSIONS OF LAW

The statutory law pertinent to this case is contained in the first paragraph of R. C. 1739.06, which reads as follows:

"No subscriber of a corporation licensed under Chapter 1739 of the Revised Code shall be billed either by a hospital or the plan for rendered health care services adjudged unnecessary by a utilization review mechanism recognized by the plan or the hospital, provided such subscriber has acted in good faith. The contract between the plan or the hospital may specify the conditions under which the plan or the hospital shall sustain the loss of revenue."

1. The review process for claims submitted to BCNO, consists first of administrative screening and then three additional levels of review: nonmedical, registered nurse analyst and finally the Medical Review Consultant. This is the utilization review mechanism recognized by BCNO that adjudged the health care services rendered defendant by the plaintiff to have been unnecessary.

2. Defendant shall not be billed for health care services rendered her by the plaintiff. The defendant acted in good faith and was a subscriber of a corporation licensed under

R. C. Chapter 1739, namely BCNO, and it was the utilization review mechanism of BCNO that adjudged such health care services to have been unnecessary.

3. Defendant is not to be held financially liable for such health care services in any manner. The General Assembly foresaw that a loss of revenue would be sustained and provided that the contract between the plan (BCNO) or the hospital may specify the conditions under which the plan or the hospital shall sustain the loss of revenue.

It is the decision of this court that the plaintiff shall take nothing from the defendant on its complaint. There being no sums awarded plaintiff against defendant, the third party complaint of defendant Wesolek against Blue Cross of Northeast Ohio is dismissed.

It is therefore ordered and adjudged that the plaintiff take nothing, that its action be dismissed on the merits, and that defendant Cathy Wesolek recover of the plaintiff her costs of the action.

It is further ordered and adjudged that the third party complaint of third party plaintiff Cathy Wesolek against third party defendant Blue Cross of Northeast Ohio, be dismissed on the merits at plaintiff's cost.

*Judgment accordingly.*